Jones v. Johnson. Good afternoon, Your Honor. Susan Wolfe for the appellant John Jones. I want to thank the court for the opportunity to address you, especially under the current circumstances. Yes, and by the way, hold on one second. I should say for the lawyers we just argued, they're free to stay on. They're also free to leave if they have other things to do. Ms. Wolfe, go ahead. First, I want to clarify the first argument in the brief, that it is not an independent reason for reversal, probably shouldn't have been the first argument in the brief. As the government points out, Mr. Jones asked the court to reject the plea agreement. The argument about the insufficiency of the court's reasons, in particular, its whether or not it could impose the 55 months, which is the core of the agreement. That's an aspect of how the events unfolded and how they should unfold in the event of a remand. I'm confused. Didn't you get exactly what you asked Judge Reese for? We didn't, because the defendant asked Judge Reese to reject the plea agreement and allow him to proceed to sentencing and to have the court dispose of the case as it would, as it determined was fair and proper, which might be less favorable to him. There were two options under Rule 11, which was to withdraw his plea or to proceed on his plea. As the rule is written, those are meaningful options. Let me ask you this, Counselor. Didn't the court have discretion simply to hold the guilty plea aside, to hold off on sentencing because there was an outstanding indictment with more serious charges? The court didn't, because that would not comport with Rule 11. The choice is, if the choice, the government, let me put it in terms of the government's argument. The government's argument is that he could withdraw his plea and go to trial, or he could be sentenced on the information whenever and also be tried on the more serious count. So the choice, there wasn't a choice according to the government and according to the court's ruling. It was trial or trial. Where in Rule 11, is there a language in Rule 11 that says that? I would argue, I do argue, that the language that if he does not withdraw his plea, the court may dispose of the case and do so if it chooses less favorably to him, precludes the option of holding the plea or letting the plea float out there in the ether until it's subsumed by a trial verdict or jeopardied out by a trial verdict. That, you know, those two options that the government posits and the court adopted are not choices. Excuse me, this is Judge Nardini. Can I ask a question? Sure. Let's say for the sake of argument, you had a slightly different situation. Let's say somebody's charged in an indictment with two counts. They go to trial on the first trial. The jury convicts on count one and hangs on count two, okay? You would agree with me that the court is under no obligation to proceed immediately with sentencing on count one, correct? If there's going to be a retrial on count two, it would be allowed to, as you say, let count one hang out there for a while and wait until all of the pending charges are disposed of and then conduct a single unified sentencing, correct? Let's just stick with my hypothesis. I can assume you're correct. You know, I would need more time to think about it, but it doesn't matter because in that scenario, there's no Rule 11. No Rule 11 that guides the procedure. And here, Rule 11 provides that if the defendant does not withdraw his plea, the court should dispose of the case and dispose of the case as opposed to the charge in the superseding information. You mean because he pled to one count absent an agreement from the government to dismiss the other counts, he now can force the hand of the government to force them to dismiss all other counts even though there was no agreement because the plea agreement was rejected? Right. So how does he get to dispose of the case by having everything thrown out when the government never agreed to that? I don't think the judge can throw out. The judge can't throw out those charges. Then you have a double jeopardy problem. I mean, if the court goes ahead and sentences on the information, then there's a double jeopardy problem perhaps as to the counts remaining in the indictment. And that's why it doesn't seem to me to be an abuse for the district court to hold. And here in the end, the counts to which he pled guilty in the information, that was dismissed. And I think this is part of the government's argument that this was a lesser included offense and therefore it would not pose a double jeopardy bar to the higher offenses. I think the government says the opposite. I think the government says that jeopardy did attach, but that ultimately because he was only punished on one time that there was no double jeopardy violation in the end. That's the government's argument as I understand it. Well, that's because the judge decided to hold the plea out there. But I think the more important point is that it was Jones's decision to make whether to withdraw his plea or to proceed to what's typically most important in a plea, got an omission of guilt. It got an avoidance of trial. And the court says this court says that in Lopez and the government also got the opportunity to argue for a much higher sentence up to 20 years. But the government didn't get a conviction on the charge they wanted out of the plea. So what do you mean they got what they wanted? They charged a different charge and they did not agree to dismiss it. So it seems to me, you're saying you offered them something less than what they wanted and that they should take half a cup and live with it. Really, the way this would play out is that Jones takes the risk. If he hews to his plea agreement, he takes the risk that the government is going to proceed on those charges. And there's a very good chance that the government would not. If Jones got 55 months, even 50 months, there's a good chance that the government would not have proceeded on those counts. Of course, he took that risk. He would be taking the risk that they would proceed. But frankly, the risk that he would be convicted after trial was probably greater than the risk that the government would not proceed on those counts if he got the 55 months or more that was that the government had initially agreed to. All right, you're that was a calculated risk that just broke against you. You took it and it broke against you. He I mean, he didn't get to take it. He didn't get to be sentenced on on his on his guilty plea. He just got I mean, it just floated in the air and ultimately disappeared because of the trial verdict. He didn't get to what was your thinking about how are you going to make the other outstanding charges go just disappear? How was that supposed to happen? Well, what happened because the government decided that they've gotten their admission of guilt. They've gotten you know, they they didn't have to spend the resources of going to trial and they got a sentence that they could live with. So isn't the problem just what Judge Chin pointed out that you can't put the government the defendant can't unilaterally put the government in a jeopardy box and say, you know what? I'm going to plead to a lesser included offense. I'm going to take I'm going to take not only the plea, but I'm going to get sentenced at which point then the bar against multiple punishments kicks in. And then it's not a calculated risk on the part of the defense as to whether the government's going to proceed or not. But then the government's just boxed out because they can't go to trial on the other count because now you've closed that out and jeopardy is attached. Definitively, I think it is a more complicated issue of whether jeopardy attaches when it's a lesser included offense. But putting that aside for a second, if that's true, then Rule 11 makes no sense. It provides choices that when the only choice is a trial. It's also renegotiating the plea, but that wasn't on the table here. No, it makes perfect sense. You either got to plead out to all the counts or they stay alive and you face trial on those other counts. And that's pretty easy. If you have pending charges, they're pending. It doesn't even come close to saying that. It simply says if he doesn't withdraw his plea, the judge can dispose of the case less favorably to him. And dispose means end. Got it. Okay. Thank you. You've saved some time for rebuttal. We'll hear from the government. May it please the court. My name is Nate Burris from the United States Attorney's Office for the District of Vermont, appearing telephonically on behalf of the United States. I also represented the government at trial. The government asks the court to find three things. First, that the defendant waived his right to challenge the rejection of the plea agreement when he, in fact, asked the court to do just that. Second, after the Rule 11 C1C plea agreement was rejected, the government was permitted to proceed to trial on the indictment, notwithstanding the defendant's conditional guilty plea to a lesser included offense. And finally, that the trial evidence was sufficient with regard to a charge alleging that Jones possessed with intent to distribute 67 grams of cocaine base. The court is right to note that Judge Rice had ample discretion to await resolution of the charges on the indictment before sentencing on the lesser included offense in the information. Judge Nardini's hung jury example is insightful. It was indeed more efficient and would generally be more efficient to conduct, as you said, a single unified sentencing. I think the most pertinent case on the double jeopardy point cited in the government's brief is Ohio v. Johnson. I would note at the outset that defendant makes no double jeopardy claim on appeal, nor did he make any claim in the district court. Nonetheless, in Ohio v. Johnson, in that case, over the government's objection, the defendant pled guilty to a lesser included offense where the court then dismissed a greater offense. And there, the court found that ending the prosecution would deny the government the right to a full and fair opportunity to convict those who have violated its laws. Moving on to the sufficiency of the evidence, I would just highlight, notwithstanding the fact that this was a lengthy trial, a few points in support of the government's evidence. First, immediately before the car chase, Jones and Gellin sold cocaine base. This is the same substance that was found roadside to a government informant. And Jones and Gellin had, in fact, been seen with large bags of cocaine based similar to that which was found roadside. Second, was there, there was at the sentencing, there was some confusion or not at the sentencing when the judge Rice was giving her sort of thoughts on sentencing. There was, it was unclear whether it was a one day gap or a three day gap or four day gap when between when the chase and when the That is correct, Your Honor. The trial evidence did make clear, in contrast to the confusion at sentencing that it was a four day gap. That's a substantial gap, isn't it? It is, Your Honor. Notwithstanding that gap, I would note that the cutting agents in the cocaine base that was sold by Jones and Gellin immediately preceding the car chase, as well as the cutting agents on the residue on the scale found in the car to which Jones pled guilty, those cutting agents, therefore the composition of this cocaine base were all identical. I would also note that the evidence revealed that this is, of course, an interstate highway. Not only are there no sidewalks, but no one is permitted to walk on the side of the interstate. And at trial, six different law enforcement witnesses whose jurisdiction covered the location where the cocaine base was discovered, all testified that there were no other car chases during this four day period. There was no drug activity in the area of the cocaine base was found. And I would finally note that perhaps most significantly, the cocaine base was worth nearly $7,000, which is what the government argued was what motivated Jones and his co-defendant to attempt to evade police traveling at a sustained pace of 130 miles an hour. Unless the court has any further questions, the government would rest on its submission. Okay, thank you. Ms. Wolfe, your rebuttal? Very briefly, Your Honors. In the appellant's brief, we cited cases that where the court say, including the Supreme Court, that the plea, guilty plea, is separate from the plea agreement. So in any case, the defendant has the same right opportunity to seek to withdraw from the plea agreement as he does to seek to withdraw from a guilty plea. And the standard is just like the standard for withdrawing a guilty plea, it's very high. It doesn't often happen that the defendant is able to withdraw his guilty plea. And the same is true from an attempt to withdraw from a plea agreement. There wouldn't be any such thing as a motion to withdraw from a plea agreement if the issue of double jeopardy was dispositive. You just couldn't do it. You couldn't withdraw from a plea because that would be too prejudicial under the government's theory to the government. And under Rule 11, under the cases, he had a right to withdraw from his plea, and he had a right to make that meaningful choice. Thank you. Thank you. We will reserve decision. Council can remain on, or they're free to go. And we'll hear the next case, Baxter v. Wagner. Your Honor, Susan Wolf, may I just add one quick thing, and that is that, and I'm not counting my chickens, but if the court were to reverse and remand, Mr. Jones has done with good time the 55-month sentence that he would ask the court to impose on remand. So I ask the court to take that into consideration in expediting a decision if it's going to go that way. Thank you. Thank you.